UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SERGIO LEAL, and all others similarly situated under 29 U.S.C. 216 (b), Plaintiff, | § § § § § | |
| v. | § § | Cause No. |
| MAGIC AUTO TOUCH UP, INC., MAGIC TOUCH UP, INC., CHARLES R. WHITE, JR., and JAMES B. WHITE Defendant. | § § § § § § | |

## COMPLAINT UNDER 29 U.S.C. §§ 201- 216 OVERTIME WAGE VIOLATIONS

Plaintiff, SERGIO LEAL, on behalf of himself and all others similarly situated under 29 U.S.C. § 216(b), through undersigned counsel, files this Complaint against Defendants MAGIC AUTO TOUCH UP, INC., MAGIC TOUCH UP INC., CHARLES R WHITE, JR., and JAMES B WHITE and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Tarrant County, Texas at the time that this dispute arose.

3. The Defendant MAGIC AUTO TOUCH UP, INC. is a corporation that regularly transacts business within Dallas County.  Upon information and belief, MAGIC AUTO TOUCH UP, INC. was the joint FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

4. The Defendant MAGIC TOUCH UP, INC. (together with MAGIC AUTO TOUCH UP, INC., the "Defendant Companies") is a corporation that regularly transacts business within Dallas County.  Upon information and belief, MAGIC AUTO TOUCH UP, INC. was the

joint FLSA employer for Plaintiff's respective period of employment ("the relevant time period").

5. The individual Defendant CHARLES R. WHITE, JR. is a corporate officer and/or owner and/or manager of the Defendant Companies who ran the day-to-day operations of the Defendant Companies for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. § 203(d).

6. The individual Defendant JAMES B. WHITE is a corporate officer and/or owner and/or manager of the Defendant Companies who runs the day-to-day operations of the Defendant Companies for the relevant time period and was responsible for paying Plaintiff's wages for the relevant time period and controlled Plaintiff's work and schedule and was therefore Plaintiff's employer as defined by 29 U.S.C. § 203(d).

7. Acts or omissions giving rise to this dispute took place in the Northern District of Texas.

### COUNT I. FEDERAL OVERTIME WAGE VIOLATION

8. This action arises under the laws of the United States. This case is brought as a collective action under 29 U.S.C. § 216(B). It is believed that the Defendants have employed other similarly situated employees like the Plaintiff who have not been paid minimum wages and/or overtime for work performed in excess of 40 hours weekly from the filing of this complaint back at least three years.

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

10. 29 U.S.C. § 207(a)(1) states, in pertinent part, "if an employer employs an employee for

more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

11. Plaintiff, SERGIO LEAL, worked for Defendants as a paint prepper from on or about February 19, 2015 through on or about March 4, 2016.

12. Defendants' business activities involve those to which the Fair Labor Standards Act applies. Both the Defendants' business and Plaintiff's work for the Defendants affected interstate commerce for the relevant time period. Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiff handled and/or used on a constant and/or continual basis and/or that were supplied to Plaintiff by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendants.

13. Upon information and belief, the Defendant Companies, individually and/or collectively as part of the joint enterprise described in paragraph 16 below, had gross sales or business done in excess of $500,000 annually for the years 2012, 2013, 2014, and 2015.

14. Upon information and belief, the Defendant Companies' sales or business done, individually and/or collectively as part of the joint enterprise described in paragraph 16 below, is expected to exceed $500,000 for the year 2016.

15. Furthermore, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' businesses an enterprise

covered under the Fair Labor Standards Act.

16. Upon information and belief, Defendants, MAGIC AUTO TOUCH UP, INC., MAGIC TOUCH UP INC., together with one or more of the following: White's Distribution, Inc. and Sprayless Scratch Repair, Inc., are part of a joint enterprise as defined by 29 U.S.C. § 203(r) as the related activities between the companies, performed through unified operation and/or common control, are being done for a common business purpose.

17. From on or about May 1, 2015 through on or about March 4, 2016, Plaintiff, SERGIO LEAL, worked an average of 55 hours a week and was paid an average hourly rate of $16.50 per hour but was not paid the extra half-time rate for any overtime hours worked above 40 hours as required by the Fair Labor Standards Act. Plaintiff therefore claims the half-time overtime rate for each overtime hour worked.

18. Defendants willfully and intentionally refused to pay Plaintiff's overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime wage requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiff these wages for the time period specified above.

Wherefore, Plaintiff requests double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiff's entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiff requests a trial by jury.*

Respectfully submitted,

By: /s/ Robert Manteuffel
    J.H. Zidell, Esq.
    Texas Bar No.: 24071840
    Email: zabogado@aol.com
    Robert L. Manteuffel
    State Bar No. 12957529
    Email: rlmanteuffel@sbcglobal.net
    Joshua A. Petersen
    Texas Bar No. 24085524
    Email: josh.a.petersen@gmail.com

**J.H. ZIDELL, P.C.**
6310 LBJ Freeway, Ste. 112
Dallas, Texas 75240
Tel:   (972) 233-2264
Fax:   (972) 386-7610