# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| SERGIO LEAL, and all other similarly situated under 29 U.S.C. § 216(b), Plaintiff, | § § § § |
| v. | § Civil Action No. 3:16-CV-00662-O § |
| MAGIC TOUCH UP, INC., CHARLES R. WHITE, JR., and JAMES B. WHITE, Defendants. | § § § § |

## MEMORANDUM OPINION AND ORDER

By *Order* filed August 22, 2018 (doc. 75), before the Court for determination is the defendants' *Request to Enter Defendants' Bill of Costs and Supporting Case Authorities*, filed August 9, 2018 (doc. 71). Based on the relevant filings and applicable law, the defendants' requests are **GRANTED in part** and **DENIED in part**, and they are awarded $3,733.74 in costs.

## I. BACKGROUND

On March 3, 2016, Sergio Leal (Plaintiff), "on behalf of himself and all others similarly situated under 29 U.S.C. § 216(b)", filed suit against Magic Touch Up, Inc., Charles R. White, Jr., and James B. White (collectively, Defendants)[1] asserting claims under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–16. (docs. 1 at 1; 21 at 1.)[2] After a jury trial on July 24, 2018, the jury rendered a verdict in Defendants' favor. (doc. 68.) On July 26, 2018, the Court entered a final judgment in their favor and ordered that costs be taxed against Plaintiff. (doc. 69.)

On August 9, 2018, Defendants submitted their bill of costs seeking $3,343.55 for "printed

---

[1] Plaintiff also named Magic Auto Touch Up, Inc. as a defendant in his original complaint, but abandoned his claims against that party in his first amended complaint. (*See* docs. 1 at 1; 21 at 1.)

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

or electronically stored transcripts necessarily obtained for use in this case," $1,646.79 in costs for "exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in this case," and $1,020.00 for "compensation of interpreters and costs of special interpretation services" for a total of $6,010.34. (doc. 72 at 1.) Attached is a declaration from their attorney, as well as copies of the client invoices for the requested charges. (*Id*. at 3-14.)

On August 21, 2018, Plaintiff filed his response and objections to "the entirety of the $1,827.50 sought . . . in relation to Plaintiff's video deposition," "$499.10 in incidental fees" associated with court reporter and transcript fees for the written deposition transcripts, "the taxation of any costs for preparation of trial exhibits that were not pre-approved by the Court," or alternatively to $1,640.20 in costs for preparation of trial exhibits and "duplicative and unnecessary copies," and to the "taxation of all the interpreter's fees sought by Defendants." (doc. 74 at 4-8.) He argues that (1) "[t]he costs were not actually and necessarily incurred by Defendant[s], or were unnecessary or unreasonably high"; (2) [t]here is insufficient evidence to determine which costs, if any, were actually and necessarily incurred by Defendants for use in the case"; (3) "Defendants are seeking recovery of costs which are not authorized by 28 U.S.C. § 1920"; and (4) "Defendants failed to obtain pretrial approval from the Court to prepare trial exhibits." (*Id*. at 2-3.)

Defendants filed their reply on August 29, 2018. (doc. 77.)

## II. ANALYSIS

Under Rule 54 of the Federal Rules of Civil Procedure, a prevailing party in a civil action is entitled to recover its costs unless otherwise directed by a court or statute. Fed. R. Civ. P. 54(d)(1). There is "a strong presumption that the prevailing party will be awarded costs." *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985) (citing *Delta Air Lines, Inc. v. August*, 450 U.S. 346,

352 (1981)). This presumption is rebuttable, however, and the district court retains the discretion not to award costs. *See United States v. D.K.G. Appaloosas, Inc.*, 829 F.2d 532, 539 (5th Cir. 1987).

"[S]ection 1920 strictly limits the types of costs that may be awarded to a prevailing party." *Erfindergemeinschaft UroPep GbR v. Eli Lilly and Co.*, No. 2:15-CV-1202-WCB, 2017 WL 3044594, at *1 (E.D. Tex. July 18, 2017) (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 440–41 (1987)). As noted by the Fifth Circuit Court of Appeals, "[t]he Supreme Court has indicated that federal courts may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary." *Mota v. Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 529–30 (5th Cir. 2001).[3] The party seeking recovery of its costs bears the burden of proving the amount and necessity of its costs. *See Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994); *Fogleman v. ARAMCO*, 920 F.2d 278, 285–86 (5th Cir. 1991).

**A.    Deposition Costs**

Plaintiff objects to Defendants recovery of part of the costs related to transcripts from his deposition, all costs related to the video of his deposition, and all costs for interpreter services at his deposition. (doc. 74 at 3-5, 7-8.) Defendants respond that these costs are "recoverable under Section 1920 and must be taxed against Plaintiff" because they were necessarily incurred. (doc. 77 at 3-6.)

*1.    Transcript Costs*

Plaintiff argues that $499.10 of the $1,516.05 in costs that Defendants request for court reporter and transcript fees related to his deposition are "incidental fees which may not be taxed . . .

---

[3] Taxable costs include: (1) fees paid to the clerk and marshal; (2) fees paid to the court reporter or stenographer for all or part of the stenographic transcript necessarily obtained for use in the case; (3) witness fees and related expenses; (4) printing costs; (5) fees for exemplification and copies of papers necessarily obtained for use in the case; and (6) fees of court appointed experts, interpreters and special interpretation services. 28 U.S.C. § 1920.

." (doc. 74 at 5.) He specifically objects to requested costs for "Full Day Per Diem" for $150; "Appearance After 5:30 pm" for $50; "Exhibits-B&W OCR Scan" for $59.60; "Keyword Index" for $25; "Electronic Files on Disk" for $25; "Binding-Original" for $10; "3-Ring Binder-1"" for $12; "Courtesy Copy" for $50; "Tabs" for $7.50; "FRCP 30(e) Certification" for $40; "Transcript Archive" for $20; and delivery fees totaling $50. (*Id.*)

"A prevailing party may recover the costs of taking, transcribing, and reproducing depositions that are 'necessarily obtained for use in the case.'" *Motion Games, LLC v. Nintendo Co., Ltd.*, No. 6:12-CV-00878-RWS-JDL, 2016 WL 9136171, at *5 (E.D. Tex. Oct. 24, 2016) (quoting 28 U.S.C. § 1920(2)), *adopted by*, 2017 WL 3615436 (E.D. Tex. Jan. 4, 2017); *see Fogleman v. ARAMCO (Arabian Am. Oil Co.)*, 920 F.2d 278, 285 (5th Cir. 1991). "It is generally recognized that the basic costs of an original deposition transcript and one copy are taxable against the non-prevailing party." *Favata v. Nat'l Oilwell Varco, LP*, No. 2:12-CV-82, 2014 WL 5822781, at *3 (S.D. Tex. Nov. 10, 2014); *see also E.A.F.F. v. United States*, No. SA-08-CA-124-XR, 2014 WL 2155263, at *2 (W.D. Tex. May, 22, 2014) (awarding costs for one copy of deposition transcripts). Incidental costs associated with taking the depositions, however, such as the costs for disks, delivery charges, and indexing, are generally not recoverable. *See Motion Games, LLC*, 2016 WL 9136171, at *5 (citing *Maurice Mitchell Innovations, L.P. v. Intel Corp.*, 491 F. Supp. 2d 684, 687 (E.D. Tex. 2007)) (stating that incidental expenses are not recoverable costs); *Neely v. PSEG Texas, LP*, No. MO-10-CV-030, 2012 WL 12877922, at *3 (W.D. Tex. Oct. 25, 2012) (finding that "services incidental to the depositions that are for the convenience of counsel, such as summaries, manuscripts, keyword indices, litigation . . . disks, videos, exhibits, postage, and delivery" were not recoverable costs); *see also Canion v. United States*, No. EP-03-CA-0347-FM, 2005 WL 2216881,

4

at *3 (W.D. Tex. Sept. 9, 2005); *Harris Corp. v. Sanyo No. Am. Corp.*, No. 3-98-CV-2712-M, 2002 WL 356755, at *3 (N.D. Tex. Mar. 4, 2002).

"A deposition or deposition copy 'need not be introduced into evidence at trial in order to be 'necessarily obtained for use in the case' under § 1920; rather, the cost of a deposition or copy that is reasonably expected to be used for trial or trial preparation may be taxable." *United States ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 130 (5th Cir. 2015) (citing *Fogleman*, 920 F.2d at 285–86). "Whether a deposition or copy was necessarily obtained for use in the case is a factual determination within the district court's discretion," and district courts are provided "great latitude in this determination." *Id*.

Here, Defendants seek $1,516.05 for costs associated with the written transcript of Plaintiff's deposition. (docs. 72 at 1, 7; 77 at 4.) The "Declaration of Bryan C. Collins in Support of Defendants' Itemized Bill of Costs" (Collins Declaration) states that the deposition transcript costs were "necessarily incurred by Defendants," and that they "believed and intended to utilize [the transcript] for trial preparation and at trial in the event [Plaintiff] testified inconsistently with his deposition testimony." (doc. 72 at 4.) It also states that Plaintiff's "relevant testimony was utilized at the trial in this case." (*Id*.) Defendants argue that because the Collins Declaration "establishes the written deposition transcript . . . [was] necessarily obtained for use in the case, the requested transcript costs . . . are recoverable under Section 1920 and must be taxed against Plaintiff." (doc. 77 at 4.)

The cost for the single "Courtesy Copy" of the written deposition transcript is a recoverable cost. *See Favata*, 2014 WL 5822781, at *3; *Neely*, 2012 WL 12877922, at *3 (finding that the cost of one copy of a deposition was recoverable). The remaining costs to which Plaintiff objects appear

5

to be only incidental costs, which as noted, are generally not recoverable. *See Motion Games, LLC*, 2016 WL 9136171, at *5 (citing *Maurice Mitchell Innovations, L.P.*, 491 F. Supp. 2d at 687); *Neely*, 2012 WL 12877922, at *3. Defendant does not explain why the costs that Plaintiff disputes were necessary for use in the case. (*See* docs. 72 at 3-5; 77 at 4-5.) Because Defendants have "not met [their] burden of demonstrating that these fees were necessary and not merely for convenience," the only recoverable costs related to the written deposition transcripts are the costs for the original deposition transcript ($964.80), the single "Courtesy Copy" of the deposition transcript ($50), and the costs for the "Exhibits-B&W Copy" that Plaintiff does not object to ($52.15). Accordingly, the bill of costs will be reduced by $449.10, and Defendants are entitled to recover $1,066.95 for costs associated with the written deposition transcripts.

2. *Video Costs*

Plaintiff "objects to the entirety of the $1,827.50 sought by Defendants in relation to Plaintiff's video depositions." (doc. 74 at 4-5.)

"Section 1920(2) authorizes recovery of the costs for both the paper transcript and the video recording of a deposition so long as, at the time that a transcript and a video recording were made, each could reasonably be expected to be used during trial or for trial preparation, rather than for the mere convenience of counsel or merely for discovery." *Jacked Up, LLC v. Sara Lee Corp.*, No. 3:11-CV-3296-L, 2015 WL 10607574, at *2 (N.D. Tex. Sept. 2, 2015) (citing *Allstate Ins. Co. v. Plambeck*, 66 F. Supp. 3d 782, 790 (N.D. Tex. 2014)); *see also Motion Games, LLC*, 2016 WL 9136171, at *5 (citing 28 U.S.C. § 1920(2)) ("Costs for videotaped depositions are taxable under Section 1920."); *Two-Way Media, LLC v. AT&T Servs., Inc.*, No. SA-09-CA-00476-OLG, 2013 WL 12090356, at *3 (W.D. Tex. Nov. 22, 2013) (citing *S & D Trading Academy, LLC v. AAFIS, Inc.*,

336 F. App'x 443, 450–52 (5th Cir. 2009)) ("Video deposition costs and deposition transcripts are both recoverable costs.").[4] Although costs for videotaping depositions are recoverable under § 1920, "some district courts in Texas have denied requests to assess costs for both a videotaped deposition and a printed transcript of the same deposition, when the prevailing party failed to show that the video was necessarily obtained for use in the case." *Motion Games, LLC*, 2016 WL 9136171, at *6 (citing cases); *see Two-Way Media, LLC*, 2013 WL 12090356, at *3 (citing cases); *Lear Siegler Servs. v. Ensil Int'l Corp.*, No. SA-05-CV-679-XR, 2010 WL 2595185, at *2 (W.D. Tex. June 23, 2010) ("The Court does not generally award costs for both."); *see also HEI Res. E. OMG Joint Venture v. S. Lavon Evans*, No. 5:07-CV-62, 2010 WL 536997, at *5 (S.D. Tex. Feb. 10, 2010) ("The undersigned will not allow Plaintiff to recover nearly double the costs for a deposition transcript merely for the convenience of having the deposition record in both written and electronic format.").

"When courts have allowed the recovery of costs for both a printed deposition transcript and a videotaped deposition, it has often been the case that the video deposition was played at trial." *Motion Games, LLC*, 2016 WL 9136171, at *6 (collecting cases); *Two-Way Media, LLC*, 2013 WL 12090356, at *3 (citing cases) (finding that courts "generally [do not] award costs for both transcripts and videos unless the videos were actually used at trial."). Costs for both printed transcripts and videotapes of depositions have also been awarded when the circumstances of the case have made it appear reasonably necessary, at the time of the deposition, to have a videotape of the

---

[4] Prior to the 2008 amendments to § 1920, the Fifth Circuit held that costs for videotaping depositions without prior authorization from the court were precluded. *See Gaddis v. United States*, 381 F.3d 444, 476 (5th Cir. 2004) (citing *Mota v. Univ. of Tex. Houston Health Sci. Ctr.*, 261 F.3d 512, 529–30 (5th Cir. 2001)). Since the amendment, however, § 1920 provides for recovery of "[f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case," 28 U.S.C. § 1920(2), which "indisputably [includes] recovery of costs for video recordings of depositions." *Allstate Ins. Co.*, 66 F. Supp. 3d at 786 (citing *S&D Trading Academy, LLC*, 336 F. App'x at 450–51).

deposition. *See Baisden v. I'm Ready Prods., Inc.*, 793 F. Supp. 2d 970, 977 (S.D. Tex. 2011) (awarding costs for video depositions where the only depositions that had been videotaped were depositions of witnesses whose live attendance at trial was uncertain or witnesses whose credibility was sharply disputed); *Allstate Ins. Co.*, 66 F. Supp. 3d at 789–90 (awarding costs for video depositions of witnesses who, at the time of the depositions, were reasonably expected to be absent from trial, such as when the witnesses were outside the court's subpoena power).

The Collins Declaration states that at the time the deposition was taken, Defendants "believed and intended to utilize [it] for trial preparation and at trial in the event [Plaintiff] testified inconsistently with his deposition testimony." (doc. 72 at 4.) Defendant "have not provided sufficient explanation for requiring a video deposition to achieve a goal at trial that they could not have otherwise reasonably accomplished using only the printed deposition transcripts." *Motion Games, LLC*, 2016 WL 9136171, at *6. Additionally, the Collins Declaration provides only that Plaintiff's relevant testimony from the deposition "was utilized at the trial in this case," but Defendants do not argue that the video of the deposition was "used at trial, and the Court is not obligated to make that determination by reviewing actual trial testimony." *Two-Way Media, LLC*, 2013 WL 12090356, at *3 (citing *Structural Metals*, 2013 WL 3790450, at *4). Accordingly, the duplicative costs for the videotaped deposition are disallowed, and the bill of costs will be reduced by $1,827.50. *See id.*; *see also Motion Games, LLC*, 2016 WL 9136171, at *6–7 (finding that "videotaped depositions were not necessarily obtained for use in the case" where the defendants also had printed deposition transcripts); *Byers v. Dallas Morning News, Inc.*, No. Civ.A. 3-97-CV-1159, 2000 WL 1842415, at *3 (N.D. Tex. Dec. 3, 2003) ("Absent a showing that both an ordinary transcript and videotape of these depositions were necessary, the defendant may not recover the

requested videographer fees.").

### 3. *Interpreter Costs*

Plaintiff also "requests that the Court disallow taxation of all the interpreter's fees sought by Defendants." (doc. 74 at 7-8.) Defendants respond that they are entitled to recover the $1,020 "associated with the compensation of interpreters under Section 1920(6)." (doc. 77 at 5-6.)

"Section 1920(6) permits recovery of costs for '[c]ompensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 . . . .'" *E.A.F.F.*, 2014 WL 2155263, at *5 (alteration in original) (quoting 28 U.S.C. § 1920(6)). The Supreme Court has held that section 1920(6) applies only to oral interpretation, and "does not apply to translators of written materials." *Taniguchi v. Kan Pacific Saipan, Ltd.*, 566 U.S. 560, 571–72 (2012).

Here, Defendants seek $1,020 for interpretation services provided at Plaintiff's deposition, and they provided a copy of an invoice. (docs. 71 at 3; 72 at 1, 12; 77 at 5-6.) The Collins Declaration states that "[t]he cost of the interpreter was necessarily incurred because [Plaintiff's] primary language is Spanish and an interpreter was needed to accurately transcribe his testimony for use at the trial." (*Id*. at 4.) Plaintiff does not dispute that the interpretation services were necessarily incurred. (*See* doc. 74 at 7-8.)[5] Because the costs of oral interpretation services are "a permissible cost to be taxed against the losing party" under § 1920(6), and Defendants have shown that such costs were necessarily incurred to translate for Plaintiff, Defendants are entitled to recover

---

[5] Plaintiff instead relies on *Perez-Rico v. Cargill Meat Solutions Corp.*, No. 2:11-CV-278-J, 2013 WL 1291290, at *2–3 (N.D. Tex. Mar. 29, 2013) to argue that Defendants cannot recover their costs for interpretation services because they provided "insufficient evidence of the customary rate of certified court reporters in support of their Bill of Costs." (doc. 74 at 8.) Although *Perez-Rico* states that the defendant has the burden to show "that the fee charged was the customary rate," it cites to no authority to support that requirement, and no such requirement exists in section 1920(6). *See* 28 U.S.C. § 1920(6); *Perez-Rico*, 2013 WL 1291290, at *2–3.

9

the full $1,020 in costs for interpreter services. *Ramirez v. Abreo*, No. 5:09-CV-190-C, 2011 WL 13233333, at *3 (N.D. Tex. Oct. 31, 2011); *see also Mancia v. JJ Chan Food, Inc.*, No. 3:12-CV-2467-L (BF), 2016 WL 4468092, at *3 (N.D. Tex. June 21, 2016) (permitting recovery of costs for interpretation services under § 1920(6)), *adopted by*, 2016 WL 4446627 (N.D. Tex. Aug. 24, 2016); *Ushijima v. Samsung Elecs. Co., Ltd.*, No. A-12-CV-318-LY, 2015 WL 11251558, at *5 (W.D. Tex. July 30, 2015) (same); *E.A.F.F.*, 2014 WL 2155263, at *5 (same).

After the reductions in Defendants' bill of costs for the incidental costs associated with the written deposition transcripts ($449.10), and all costs for the videotaping of the deposition ($1,827.50), the total taxable costs associated with Plaintiff's deposition costs is $2,086.95.

**B.** **Copies of Materials**

Plaintiff also objects to Defendants' requests for costs for copies of trial exhibits. (doc. 74 at 5-7.) Defendants respond that they are "entitled to recover the cost of 4 of the 7 exhibit notebooks utilized at the trial in this case," which amounts to $1,646.79 in costs. (doc. 77 at 4-5.)

*1.* *Pretrial Approval*

Plaintiff first relies on *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319 (5th Cir. 1995), to argue that Defendants cannot recover costs for making copies of trial exhibits absent pretrial approval from the Court. (doc. 74 at 6.)

In *Louisiana Power & Light*, the Fifth Circuit affirmed the district court's denial of recovery of the costs of trial exhibits. 50 F.3d at 335. The circuit court stated that "[a]bsent pretrial approval of the exhibits . . . a party may not later request taxation of the production costs to its opponent. *Id*. (citing *Johns-Manville Corp. v. Cement Asbestos Prods. Co.*, 428 F.2d 1381, 1385 (5th Cir. 1970) and *Studiengesellschaft Kohle mbH v. Eastman Kodak Co.*, 713 F.2d 128, 133 (5th Cir. 1983)).

Although the district court's pretrial order required an exchange of exhibits prior to trial, the Fifth Circuit stated that "requiring the exchange of exhibits prior to trial does not imply authorization of production of those exhibits." *Id*. While the circuit court did not specify what was entailed in the production of exhibits sought in *Louisiana Power & Light*, both the cases cited by that court and other cases dealing with this issue have concerned costs associated with the production of trial exhibits, not the costs of ordinary copying.

In *Johns-Manville Corp.*, at issue was the production of models and charts. 428 F.2d at 1385. Because prior approval for the production of the models and charts was not obtained, the Fifth Circuit held that the costs would be disallowed. *Id*. The Fifth Circuit reversed an award of costs for the production of trial exhibits consisting of charts, models, and photographs in *Studiengesellschaft Kohle mbH* because there had been no pretrial authorization. 713 F.2d at 132–33.

In this district, one court has specifically noted that costs associated with ordinary photocopying of trial exhibits would be recoverable when the request was properly supported, but found that the costs associated with organizing trial exhibits was not recoverable. *Interstate Contracting Corp. v. City of Dallas*, No. CIV. A. 3:98CV2913-M, 2002 WL 236676, *4–5 (N.D. Tex. Jan. 31, 2002). In *Hartnett v. Chase Bank of Texas, Nat. Ass'n*, the court noted that photocopies of trial exhibits and pleadings were clearly recoverable so long as there was a nexus between the costs incurred and the litigation. No. 3:98-CV-1061-L, 1999 WL 977757, *2 (N.D. Tex. Oct. 26, 1999). This court has determined that "costs for photocopying trial exhibits, as opposed to the production of charts, photographs, or models, is recoverable as a cost under Rule 54" without pretrial approval. *GWTP Investments, L.P. v. SES Americom, Inc.*, No. 3:04-CV-1383-L, 2007 WL

11

9712172, at *6–7 (N.D. Tex. Jan. 30, 2007), *adopted as modified by*, 2007 WL 9712173 (N.D. Tex. Feb. 14, 2007). Because Defendants' requested costs for copies relate only to ordinary photocopying of trial exhibits, they were not required to obtain pretrial approval in order to seek costs for those copies. *See id*.

*2.     Costs for Copies*

Plaintiff alternatively requests "that the Court reduce the amount requested by Defendants by 99.6% to account for the duplicative and unnecessary copies, for a total taxed cost of $6.59 out of the $1,646.79 requested by Defendants." (doc. 74 at 6-7.)

Section 1920(4) allows for the taxing of "costs of making copies of any materials where the copies are necessarily obtained for use in the case."[6] 28 U.S.C. § 1920(4); *see Fogleman*, 920 F.2d at 286 (recognizing that costs of copying materials are properly taxable when "necessarily obtained for use in the case . . . provided that the prevailing party demonstrates that necessity."). While a prevailing party need not identify every photocopy made for use in the course of legal proceedings, it must provide "some demonstration that the reproduction costs necessarily result from that litigation." *Fogleman*, 920 F.2d at 286. "The copy process necessarily includes binders and other materials, and charges for those materials may be recovered as taxable costs." *Jacked Up, LLC*, 2015 WL 10607574, at *4 (citing *Favata*, 2014 WL 5822781, at *5).

"The general rule is that duplicating expenses are properly taxable only to the extent that the copies were used in support of a successful motion for summary judgment, as exhibits at trial, or

---

[6] "The 2008 amendments to § 1920(4) replaced 'copies of papers' with 'the costs of making copies of any materials,' where the copies are necessarily obtained for use in the case." *Structural Metal, Inc. v. S&C Elec. Co.*, No. SA-09-CV-984-XR, 2013 WL 3790450, at *7 (W.D. Tex. July 19, 2013). Accordingly, "the taxable costs of making copies are no longer limited to just paper copies." *Eolas Tech., Inc. v. Adobe Sys., Inc.*, 891 F. Supp. 2d 803, 806 (E.D. Tex. 2012).

12

were furnished to and used by the [c]ourt or opposing counsel." *Charles v. Sanchez*, No. EP-13-CV-00193-DCG, 2015 WL 11439074, at *13 (W.D. Tex. Oct. 7, 2015) (citing cases); *see Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976) (citing 28 U.S.C. § 1920(4)) (finding that the trial court did not abuse its discretion in concluding that "copies presented . . . pursuant to the court's orders," and "copies of exhibits and documents . . . prepared for the court's consideration of [a] motion for summary judgment" were "necessarily obtained for use in the case" (quotations omitted)). Although the losing party "should be taxed for the cost of reproducing relevant documents and exhibits for use in the case, [it] should not be held responsible for multiple copies of documents, attorney correspondence, or any of the other multitude of papers that may pass through a law firm's xerox machines." *Fogleman*, 920 F.2d at 286. Additionally, "[w]hile taxable costs include charges for 'copies made as part of discovery and the copies of documents filed with the court,' '[e]xtra copies for the convenience of counsel are not considered necessary for these purposes and therefore not taxed as costs.'" *Allstate Ins. Co.*, 66 F. Supp. 3d at 793 (quoting *Iniekpo v. Avstar Int'l Corp.*, No. SA-07-CA-879-XR, 2010 WL 3909321, at *2 n.21 (W.D. Tex. Sept. 30, 2010)).

Here, Defendants submitted an invoice showing the costs associated with their copy expenses, as well as the Collins Declaration which provides that "the costs for binders and making copies of materials that were used in the trial of this matter . . . were necessarily incurred by Defendants." (doc. 72 at 4, 14.) It further states that "[t]he costs include the charge for binders and copies of documents used at trial, which included copy costs for the reproduction of exhibit books for the Judge, witnesses, opposing counsel and defense counsel." (*Id*. at 4.) Additionally, the bill of costs, Collins Declaration, and invoice all reflect that Defendants are not seeking reimbursement

13

for all copying costs ($2,884.04); they "seek to recover $1,646.79, which represents the cost of 4 [out of 7] sets of exhibit notebooks . . . ." (*Id*. at 1, 4, 14.) The documentation provided by Defendants is sufficient to justify the claimed expenses because it shows that the copies "were necessarily obtained by [Defendants] for use in the case and were not made for [Defendants'] counsel's convenience." *Allstate Inc. Co.*, 66 F. Supp. 3d at 794. Plaintiff's objection to this element of costs is therefore overruled, and Defendants are entitled to recover $1,646.79 associated with copying costs. *See Allstate Inc. Co.*, 66 F. Supp. 3d at 793–94 (awarding costs for copies); *see also Jacked Up, LLC*, 2015 WL 10607574, at *3–4 (same).

After subtracting the disallowed amount for part of Defendants' written deposition transcript costs ($449.10), and all of the costs associated with the videotaping of the deposition ($1,827.50), Defendants' total recoverable costs amount to $3,733.74.

### III.  CONCLUSION

Defendants are awarded $3,733.74 in taxable costs.

**SO ORDERED** on this 9th day of January, 2019.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE